UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:11-18-KKC

IRVIN W. JUSTICE,                                                                                          PLAINTIFF

v.                                      **OPINION AND ORDER**

UNITED MINE WORKERS OF
AMERICA 1974 PENSION PLAN AND TRUST,                               DEFENDANT

\*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion for Entry of Judgment [DE 17] filed by the Defendant, United Mine Workers of American 1974 Pension Plan and Trust (the "Trust) and the Plaintiff's Motion for Summary Judgment [DE 16].  For the following reasons, the Court will grant the Defendant's motion and deny the Plaintiff's motion.

**I.     Facts.**

The following facts are set forth in the Trust's motion and have not been disputed by the Plaintiff who did not file a response to the Trust's motion.

The Plaintiff is a former mine worker.  He was involved in a mine accident on February 8, 1993.  He continued working at the mine until March 31, 1993, the date the mine closed.

On January 25, 1996, the Social Security Administration awarded the Plaintiff Social Security Disability Insurance benefits effective September 30, 1993 based on a finding that he suffers from the following impairments which were considered severe: "lumbar herniated disc with impingement; present mild mental retardation; and depressive disorder, [not otherwise

specified], with anxiety disorder." [A.R. at 247-252.] On November 15, 2000, the SSA determined that the Plaintiff's disability continued. [A.R. at 220.] The primary diagnosis was "Disorders of Back Discogenic & Degenerative." The secondary diagnosis was "Mental Retardation." The onset date of disability was listed as September 30, 1993.

In December 2008, the Plaintiff applied for disability pension benefits from the Trust asserting that he had suffered a disabling back injury as a result of the February 1993 mining accident. [A.R. at 18.] His application was denied on May 27, 2010. [A.R. at 263.] The Trustees determined that the Plaintiff was involved in a mine accident on February 8, 1993 but that he failed to show a causal relationship between the mining accident and the impairments that were the basis of his SSDI award. [A.R. at 272.] The Trustees noted that a degenerative condition is a progressive condition that is related to "the normal wear-and-tear of the aging process" and and that there was no evidence connecting the herniated disc to the mine accident. [A.R. at 272.]

The Plaintiff appealed the denial of his disability pension benefits. [A.R. at 7.] With the appeal he submitted a questionnaire prepared by his attorney. His attorney asserted in the cover letter that the questionnaire was completed by Dr. Dan N. Patel, the Plaintifff's treating physician. [A.R. at 225]. However, the questionnaire was not signed or dated. [A.R. at 228.] One of the questions was "[d]o you believe that [the Plaintiff] became permanently and totally disabled as a result of a mine accident as of March 31, 1993?" The response was "yes."

The Plaintiff's appeal of the denial of his disability pension benefits was denied. [A.R. at 275.] The basis for the denial was that the earliest available medical record for review after the February 8, 1993 mine accident was September 27, 1993, approximately eight months after the mine accident. [A.R. at 284.] The analysis also noted that the Plaintiff continued to work for the

mine until it closed and that the effective date for his SSDI award was September 30, 1993. [A.R. at 276, 284.] The report concluded that the Plaintiff's back disorders, anxiety, depression, and mental retardation were not causally related to the February 8, 1993 mine accident. [A.R. at 284-85.]

The Plaintiff then filed this action against the Trust pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1), seeking a review of the Trustees' denial of his application for disability benefits.

**II.     Analysis.**

The parties agree that the Trustees' decision must be upheld unless it is "arbitrary or capricious, made in bad faith, not supported by substantial evidence or contrary to law." *Odom v. Mine Works of Am. Health & Ret. Funds*, 687 F.2d 843, 847 (6th Cir. 1982) (citations omitted); [DE 16, Pf.'s Mot. at 3, 4.]

To qualify for disability pension benefits under the terms of the 1974 Pension Plan, the Plaintiff must prove 1) that he is totally disabled as evidenced by an SSDI award; 2) that he was involved in a mine accident; and 3) that the mine accident was the cause of the disability. [DE 17, Att. 3, Plan, Art. II, § 3, CM-ECF p. 6-7.]; *McCoy v. Holland*, 364 F.3d 166, 170 (4th Cir. 2004). As to causation, the Plaintiff must show that the mine accident was "substantially responsible" for his disabilities, not that the accidents were the sole cause of his disabilities. *Ball v. Holland*, 142 Fed. Appx. 860, 862 (6th Cir. 2005) (citing *Robertson v. Connors*, 848 F.2d 472, 476 (4th Cir.1988); *Boyd v. Trustees of United Mine Workers Health & Ret. Funds*, 873 F.2d 57, 59 (4th Cir.1989)).

The parties agree that the Plaintiff meets the first two requirements. The issue is whether there is substantial evidence in the record to support the Trustees' decision that the Plaintiff's

3

disabling back disorders, anxiety, depression, and mental retardation were not caused by the February 1993 mine accident.

In his motion, the Plaintiff appears to argue that the Trustees did not give sufficient deference to the questionnaire completed by Dr. Patel, his treating physician in which Dr. Patel indicated that the Plaintiff became disabled "as a result of the mine accident." However, as the Trust explains in its response, the questionnaire is not supported by Dr. Patel's own treatment notes. [A.R. at 229.] The Plaintiff points to no other document in the record in which Dr. Patel opines that the mine accident caused the Plaintiff's disability or even mentions the mine accident.

In fact, in his motion, the Plaintiff points to no evidence in the record other than Dr. Patel's questionnaire that links the mine accident to the Plaintiff's disability.

In its motion and its response to the Plaintiff's motion, the Trust points to the following evidence that supports the Trustees' decision:

- The Plaintiff continued to work for almost two months after his mine accident and only stopped working after the mine was shut down on or about March 31, 1993. [A.R. at 64, 171, 173, 178.];

- The Plaintiff's first medical examination after his February 1993 mine accident was more than eight months later on September 27, 1993. [A.R. at 241.];

- X-rays of the Plaintiff's dorsal spine and lumbosacral spine were taken on October 21, 1993, and the results were normal. [A.R. at 240.];

- The CT Scan showed findings of a hard disc herniation due to calcification and was conducted over a year after the mine accident. [A.R. at 234.];

- Dr. Brasfield examined the Plaintiff and reviewed the CT Scan on March 28, 1994 and did not find any particular abnormality. [.R. at 171.];

4

- The only connection between the February 1993 mine accident and the Plaintiff's back disorders (other than the questionnaire) are statements by the Plaintiff himself. [A.R. at 125, 134, 171, 173, 178, 193.];

- There is no mention of the mine accident in the Administrative Law Judge's decision entered on January 25, 1996. [A.R. at 250-252.]; and

- The disability onset date was found to be September 30, 1993, over eight months after the mine accident. [A.R. at 220, 251.];

- The record contains evidence that his disability was largely due to degenerative disorders. [A.R. at 107, 233.] Dr. Templin, who examined the Plaintiff on July 15, 1994, noted that the Plaintiff's impairment was due to spondylosis and chronic pain. [A.R. at 176.] Beginning on March 19, 1996, Dr. Patel diagnosed the Plaintiff with osteoarthritis of the LS spine. [A.R. at 204, 215, 216, 217.] The SSA revised the Plaintiff's primary diagnosis to be "Disorders of Back, Discogenic and Degenerative" on November 15, 2000. [A.R. at 220.] Degenerative disc disease is a "progressive disease" and cannot be the result of a mine accident. *McCoy*, 364 F.3d at 172.

The Plaintiff has not disputed any of this evidence cited by the Trust or otherwise responded to the Trust's motion. Accordingly, the Court finds that the Trustees' decision was supported by substantial evidence in the record.

### III.    Conclusion.

For all these reasons, and those stated by the Defendant in its unopposed Motion for Entry of Judgment Upholding the Trustees' Denial of Benefits Decision [DE 17], the Court hereby ORDERS as follows:

1) the Plaintiff's Motion for Summary Judgment [DE 16] is DENIED;

5

2) the Defendant's Motion for Entry of Judgment Upholding the Trustees' Denial of Benefits [DE 17] is GRANTED; and

3) this matter is DISMISSED and STRICKEN from the active docket of this Court.

Dated this 26th day of March, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge